**INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,**

v.

**ALL AMERICAN ASSOCIATION, a corporation, Raymond Waters and Gerald Ragle, Defendants.**

**Civ. A. No. CA 4–750.**

United States District Court
N. D. Texas,
Fort Worth Division.

Jan. 26, 1968.

William W. Guild, Regional Atty., Bureau of Enforcement, I. C. C., Fort Worth, Tex., for plaintiff.

Cue Lipscomb, Fort Worth, Tex., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, District Judge.

1. This action was brought by the Interstate Commerce Commission, plaintiff, under 49 U.S.Code 322(b) to enjoin All American Association, referred to as "AAA" and two of its officials, Raymond Waters and Gerald Ragle, defendants, from engaging in the for-hire transportation of property by motor vehicle, in violation of Part II of the Interstate Commerce Act, codified as 49 U.S.Code 301 et seq.

Defendants contend the operations of AAA are exempt under the agricultural cooperative exemption, 49 U.S.Code 303 (b) (5). This provision exempts from regulation transportation performed by agricultural cooperatives operating within the purview of the Agricultural Marketing Act, codified as 12 U.S.Code 1141 to 1141j.

The court finds for the plaintiff.

2. AAA was organized under the Cooperative Marketing Act of Texas, articles 5737 et seq., Revised Civil Statutes of Texas. Its principal place of business

is Forth Worth, Texas. The operations of AAA are managed by Raymond Waters, president, and Gerald Ragle, vice president.

3. The sole business activity of AAA has been and is the for-hire transportation of property by motor vehicle for members and nonmembers. The transportation consists of shipments of canned goods, dressed and frozen meats, frozen juices and concentrates, electric motors, engines, printed matter, racks, and other regulated commodities not exempt under 49 U.S.Code 303(b) (6), in interstate commerce.

The association, also, engages in the for-hire transportation of agricultural commodities, including livestock, the transportation of which is exempt from regulation under 49 U.S.Code 303(b) (6). The transportation of such exempt commodities is not the subject of the injunction. However, revenues from the transportation of exempt commodities are to be considered for purposes of determining the balance of member versus nonmember business under the so-called third proviso of the Agricultural Marketing Act.[1]

4. AAA commenced operations on May 28, 1966. At the time of trial[2] AAA had been operating seven months. A study of its business for this period, May 28, 1966 to January 24, 1967, shows the association had gross revenues totaling $635,381.03. Of this amount, $249,-925.65 or only about 40 percent of the total business was derived from business transacted with shippers registered as members of the association. Attached is an appendix listing the names of the 25 registered members who utilized the services of the association during this period.

5. A substantial part of the transportation performed for members involves processed materials and is unrelated to their activities as farmers, that is, as producers of agricultural commodities. In this connection, AAA transports dressed and frozen meats and packinghouse products for the following member shippers in their capacities as packinghouses: San Angelo Packing Company ($52,412.78), City Packing Company ($30,528.32), Neuhoff Brothers Packers ($15,593.89), and Texas Meat Packers ($1,472.71), and thus cannot be considered as member business. Amounts stated in parenthesis are transportation revenues paid AAA during the period under study.

Also, the association transported shipments of bananas and grapefruit for Bobby Smith Trucking Company ($26,-100.00)[3] and R. L. Letson ($3,425.00) in their capacities as motor carriers and not as farmers and thus cannot be considered as member business. This transportation represented overflow traffic tendered to Bobby Smith Trucking and R. L. Letson as truckers by other farmers.

Also, the association transported shipments of cattle for J. W. Holton or Holton Brothers ($24,252.30) in its shipper's capacity as a dealer in cattle, as opposed to a cattle raiser, and thus cannot be considered as member business.

6. Some transportation for nonmembers is not incidental or necessary to the primary farm service of AAA. One of the larger nonmember shippers is Libby, McNeill and Libby. Libby ships frozen juices and concentrates and other processed commodities via AAA from several plants but primarily plants located in Florida. The transportation is incidental to the operations of the processing plants of Libby and the distribution of processed commodities to wholesale and retail grocery outlets in Texas but

1. 12 U.S.Code 1141j.

2. Trial on the merits commenced January 26, 1967. Earlier, on November 28, 29, and 30, 1966 a hearing was held on a motion for preliminary injunction filed by plaintiff and evidence developed during this hearing is part of the record on the trial. Rule 65(a), Federal Rules of Civil Procedure.

3. A nominal amount of revenue was paid the association for transporting watermelons grown by Bobby Smith.

is not incidental to the primary farm service of AAA. There is no evidence that these shipments were transported to equalize or prevent an economic loss which would have resulted from an otherwise empty movement of a vehicle employed on a previous trip in connection with member business.

7. There was not in force and there is not now in force with respect to defendants or any of them a certificate of public convenience and necessity or a permit or any other form of authority issued by the plaintiff authorizing the described transportation operations.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of the subject matter of this action by virtue of the provisions of Part II of the Interstate Commerce Act, particularly 49 U.S.Code 322(b) and under the general laws and rules relating to suits in equity arising under the Constitution and the laws of the United States.

2. Whether the operations of AAA are entitled to the agricultural cooperative exemption of the Interstate Commerce Act, 49 U.S.Code 303(b) (5), depends on whether the association qualifies as a cooperative under the Agricultural Marketing Act (12 U.S.Code 1141 to 1141j).

Section 1141j defines "cooperative associations" as any association in which farmers act together, among other things, to furnish farm business services, provided that such associations are operated for the mutual benefit of the members thereof as producers or purchasers and, provided further:

Third. That the association shall not deal in farm products, farm supplies, and farm business services with or for nonmembers in an amount greater in value than the total amount of such business transacted by it with or for members. All business transacted by any cooperative association for or on behalf of the United States or any agency or instrumentality thereof shall be disregarded in determining the volume of member and nonmember business transacted by such association.

3. "Member business" within the meaning of the Agricultural Marketing Act is that business done for members and related to their farming activities. Many individuals as well as large publicly owned corporations engage in a variety of business activities, including farming. A member raising cattle or growing crops is engaged in farming. However, the same member operating a packinghouse or canning plant is not engaged in farming.

Therefore, the transportation of dressed and frozen meats and other packinghouse products by AAA for packinghouses registered as members is not "farm member business" within the meaning of the Agricultural Marketing Act. Likewise, the transportation of bananas and grapefruit for registered members in their capacities as motor carriers and of cattle for dealers in cattle, as opposed to cattle raisers, registered as members, is not farm member business.

4. A cooperative association may not engage in nonmember business unless such business is incidental and necessary to that which is farm related member business. Northwest Agricultural Coop. Assn. v. Interstate Commerce Commission, 9 Cir., 350 F.2d 252 and Agricultural Transportation Association of Texas v. United States, 274 F.Supp. 528 (USDC–N.D. of Tex., decided 10/24/67).

Under the third proviso of the Agricultural Marketing Act, section 1141j, a cooperative association is permitted to transact business with nonmembers not to exceed that business transacted with members. However, this provision does not authorize an association engaging in the for-hire transportation of property by motor vehicle to transport *any* commodities for nonmembers. Commodities transported for nonmembers must be *incidental* to the primary farm service of the association.

Also, transportation for nonmembers must be *necessary* in that it must be conducted to equalize or prevent economic losses resulting from otherwise one-way use of vehicles for member traffic. The transportation of frozen juices and concentrates and other processed food stuffs for Libby, McNeill and Libby as described in the above Findings of Fact is neither incidental nor necessary to the primary farm service of AAA.

5. The court finds that the volume of nonmember business, including business transacted with members but unrelated to their farming activities, is substantially in excess of that business transacted with members. The court concludes that AAA is not operating within the provisions of the Agricultural Marketing Act, in particular the third proviso of said act (12 U.S.Code 1141j), and thus not within the partial exemption of section 303(b) (5) of Title 49, U.S.Code.

6. The transportation of canned goods, dressed and frozen meats, frozen juices and concentrates, electric motors, engines, printed matter, racks and other regulated commodities as described in the above Findings of Fact constitutes the operations of a "common carrier by motor vehicle" as defined in section 303 (a) (14), Title 49, U.S.Code, in interstate Commerce and such operations are without appropriate authority and in violation of sections 303(c) and 306(a), Title 49, U.S.Code; as such the operations are subject to be enjoined by this court and the relief prayed for by plaintiff should be granted.

## JUDGMENT

This cause having come on for consideration, the plaintiff appearing by and through its counsel and defendants appearing in person and by and through their counsel, the court after considering the pleadings and evidence developed at the hearing on plaintiff's Motion for Preliminary Injunction and at the trial on the merits, the court having overruled defendants' motions for discontinuance, for a more definite statement and to strike, and the court having made and filed its Findings of Fact and Conclusions of Law herein;

And, it appearing that defendant All American Association, under the management of defendants Raymond Waters and Gerald Ragle, has engaged in the for-hire transportation of canned goods, frozen juices and concentrate, dressed and frozen meats, electric motors, engines, printed matter, racks and other regulated commodities, by motor vehicle over public highways in interstate commerce without holding the required authority from the Interstate Commerce Commission, and it further appearing likely that said defendants will continue such practices unless restrained;

It is hereby ordered, adjudged, and decreed, that defendants All American Association, Raymond Waters and Gerald Ragle, their agents, employees, and representatives, and all persons acting by or under their direction and authority or in active concert or participation with them be permanently enjoined and restrained from transporting property in interstate or foreign commerce over and upon the public highways as a for-hire motor carrier, more particularly as a motor common carrier for compensation, for members or nonmembers except to the extent and while All American Association meets the definition of the Agricultural Marketing Act (12 U.S.Code 1141 to 1141j), more particularly while the total farm related business transacted with members equals or exceeds the total business transacted for nonmembers, including member business unrelated to the farming by said members, or, unless and until such time, if at all, as there is in force with respect to said defendants appropriate authority authorizing them to engage in such operations in accordance with the provisions of the Interstate Commerce Act which authority must in any event be obtained to transport products for nonmembers which are not incident to the primary farm service of the association and not necessary in the sense that the carriage service must

be rendered so as to equalize or prevent an economic loss which would result from the one-way use of vehicles for member traffic.

It is further ordered, adjudged and decreed, that defendants pay the costs incurred in this suit except that no attorney's docket fee is to be taxed.

## APPENDIX "A"

American Farmers Cooperative, Inc.
Waupun, Wisconsin

B & H Cattle Company
Ida Grove, Iowa

Black Champ Farms
Waxahachie, Texas

Bobby Smith Trucking Company
Weatherford, Texas

Johnny Bradford
Hurst, Texas

Brandon Cattle Company
Stephenville, Texas

City Packing Company
Forth Worth, Texas

Cortez Livestock Commission Company
Cortez, Colorado

Gennan & Sons
Freedom, Wisconsin

Golden Gem Growers
Umatille, Florida

Bill Hogan Dairies
Mansfield, Texas

J. W. Holton or Holton Brothers
Hugo, Oklahoma

R. L. Letson
Weatherford, Texas

Cue Lipscomb
Fort Worth, Texas

Marks Meat Company
Woodland, California

Miller Cattle Company
Bossier City, Louisiana

National Packing Company
Kansas City, Kansas

Neuhoff Brothers Packers
Dallas, Texas

North Forreston Stockyard
Forreston, Illinois

Poovey Cattle Company
Terrell, Texas

San Angelo Packing Company
San Angelo, Texas

Tadlock Land & Cattle Company
Fort Worth, Texas

Texas Meat Packers
Dallas, Texas

Ventura Coastal Processors Corporation
Ventura, California

Chester Wiley
Aledo, Texas